Burlington Insurance Co. v. Wzieck.

---

## Burlington Insurance Co.
### v.
### Jacob Wzieck.

1. Verdict contrary to evidence.—The court is of opinion that the
verdict in this case is not supported by the evidence, and therefore the case
is reversed and remanded,

2. Evidence—Wife acting as agent.—Where the wife has been act-
ing as the agent of the husband, her statements while acting in that capac-
ity are competent evidence.

Appeal from the Circuit Court of Washington county; the
Hon. Amos Watts, Judge, presiding. Opinion filed April 6,
1885.

Mr. W. H. Way, for appellant.

Mr. W. F. Foreman and Messrs. Rountree & Akins, for
appellee.

Casey, P. J. This cause was begun before a justice of the
peace in the name of appellee and Catharine Wzieck, his wife,
where a judgment was rendered against appellant for the sum
of two hundred dollars. The suit was appealed to the circuit
court, when, upon motion and after the trial had begun, the

plaintiff was allowed to amend the process by striking out the name of his wife, Catharine Wzieck.   Upon a trial in the circuit court before a jury, a verdict was returned against appellant for the sum of two hundred dollars.   A motion for a new trial was interposed by appellant, which was refused by the court and judgment rendered for that sum.   Exceptions were taken to the ruling of the court and the case is brought to this court by appeal.   The fourth error assigned is that the court erred in refusing the defendant's motion for a new trial, and one of the causes alleged for which a new trial should have been granted is that the verdict was not sustained by the evidence.   We think this point well made.   The suit is brought to recover on a fire insurance policy.   The application for the policy was made to the agent of appellant on the 27th day of December, 1882, and the policy was issued and delivered to appellee upon that day, insuring for the term of five years from that date, the dwelling house of appellee, household furniture, barn, farming implements and various other articles of property, amounting in the aggregate to the sum of eleven hundred dollars.

In payment of the policy appellee, on the day and date of the policy, made and delivered to the agent of appellant his two promissory notes, each for the sum of $12.25, one payable on the first day of October, 1883, and the other payable on the first day of October, 1884, each bearing interest at the rate of six per cent. per annum from date.   The notes on their face show that they were given in consideration of the policy.   The policy contains provisions in substance, t'at if any premium, note or installment shall be overdue and unpaid, the policy is void, and that no agent or solicitor has any power, authority or right to make any verbal agreements different or change the terms, or in any way to alter the conditions of the policy, unless he had special authority in writing from the company's secretary.   The dwelling house of appellee, and some other property, was destroyed by fire on the 25th of July, 1884.   One of the notes above described matured on the first of October, 1883, and had not been paid at the time the house was burned; there is no controversy as to

Burlington Insurance Co. v. Wzieck.

the damages done by the fire; appellee claims that the time of the payment of the note due in October, 1883, was extended, or, to be more specific, that the note last referred to was taken up by him or his wife and a new note given in lieu thereof, which had not matured at the time of the conflagration. This is denied by appellant, and that is the point in controversy in this case.

The position of appellee was sustained by the evidence of his wife, who claimed to have been acting as the agent of her husband, appellee, and by his step-son. Appellee's wife states in her testimony that the application for an insurance policy was made by herself and husband, and that they both signed it. That the policy of insurance was made out by appellant in the name of appellee and herself, and that the notes given were signed by herself and appellee. She further states and claims that at the time of the extension of the first note due, she took up and received from the agent of appellant the old note and gave a new note, to which she signed her own name and that of her husband, appellee, and this was undoubtedly the idea of appellee when the suit was instituted before the justice of the peace, because the suit was begun in his own and his wife's name and a judgment obtained, while in the circuit court the process is so amended as to make the suit pending in his own name.

The wife of appellee is certainly mistaken in her statements; on the trial the application for a policy was introduced in evidence. It was signed by appellee only. The policy made by appellant and delivered to appellee was in his name only, and the first notes given were introduced in evidence and signed by appellee only; neither of them was delivered to the witness as claimed, because they were both introduced by appellant in the trial as evidence. The step-son makes very nearly the same statement as his mother, and is contradicted like her in such a manner as to leave no doubt as to his being mistaken; besides it quite clearly appears that the step-son had stated on a former occasion that "the story as to making a new note was all made up or was all stuff." The step-son also stated that appellee was a bad farmer; that if he had been managing the farm

he would have paid the note when due and had no trouble. Appellee and his wife are Polanders, and can not speak English. The step-son, John Telka, acted as interpreter. Appellee also introduced as a witness one Andrew Bartocheski, who it seems held a policy of insurance issued by appellant, and who was in default in the payment of one of his notes, and who was present at the house of appellee at the very time when appellee's wife claims that the first note given by appellee and herself was taken up, the time extended, and a new note given. He states in his testimony that there was some talk about a new note, but that no note was given; that no papers were exchanged. He also states in his testimony that the agent of appellant at that time informed him and the wife of appellee, who was acting for her husband, that as long as the notes then due remained unpaid no part of the amount mentioned in the policy could be collected, if the property was destroyed by fire. The wife of appellee, in her testimony, says that the agent of appellant, when she informed him that her husband did not have the money with which to pay the note, said to her that he would write the company, and if it would not extend the time that he would carry it himself, and appellee should pay him interest, etc., and from this it is possible that the witness concluded that the time had been extended. The fact that the time was extended, or any new note given, is positively denied by the witnesses, Bartocheski, Page and Smith, while the policy itself, as we have seen, contained a provision prohibiting any change or extension without the written consent of the secretary of appellant; and it is not claimed that the agent of appellant had any such authority. It is assigned for error that the wife of appellee was allowed to testify as a witness. She seems to have been acting as the agent of her husband, and her statements while acting in that capacity are competent. Other errors are assigned that we do not discuss. We think that the verdict of the jury is not supported by the evidence, and for that reason the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.